IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIONEL THOMPSON,

           Petitioner,

v.

THOMAS LILLARD,

           Respondent.

Case No. 25-CV-01021-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Lionel Thompson, an inmate currently incarcerated at Greenville F.C.I. in Greenville, Illinois, brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). He challenges the BOP's calculation of his severity score for his custody classification. (*Id.*, p. 2).

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 4 provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply these Rules to other habeas corpus cases.

The calculation, including the execution of a federal prisoner's sentence, can be challenged in a Section 2241 petition. See *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). As Thompson is challenging the execution of his sentence, it

is not plainly apparent that he is not entitled to habeas relief. Without commenting on the merits of Thompson's claims, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b), and a response shall be ordered.

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before July 21, 2025. This preliminary order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Thompson is **ADVISED** of his continuing obligation to keep the Clerk of Court (and opposing parties) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 20, 2025**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
