IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIONEL THOMPSON,

     Petitioner,

v.

     Case No. 25-CV-01021-SPM

THOMAS LILLARD,

     Respondent.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Lionel Thompson is a federal inmate presently housed at Greenville Federal Correctional Institution in Illinois. Proceeding *pro se*, Thompson brings his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 alleging errors in his custody classification. (Doc. 1). For the reasons set forth below, Thompson's Petition for Writ of Habeas Corpus is **DENIED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On February 26, 2026, Thompson pled guilty to Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). *United States v. Thompson*, 4:18-CR-00821-SNLJ, (Doc. 36). On May 29, 2019, Thompson was sentenced to 120 months in prison followed by three years of supervised release. *Id.*, (Doc. 68).

Thompson filed the instant Petition for Writ of Habeas Corpus (Doc. 1) on May 21, 2025, challenging his custody classification. Thompson alleges that he was

incorrectly assigned points from charges that were dismissed, and that the Federal Bureau of Prisons ("BOP") improperly calculated his Severity Score, which is used to calculate his custody classification level. (*Id.*, pp. 6–7). Thompson further alleges the Presentence Investigation Report and the Sentencing of Reasons, which provided the basis for the Severity Score, are inaccurate. (*Id.*, p. 12). The United States Attorney for the Southern District of Illinois filed a Response (Doc. 16) on behalf of Thomas Lillard on June 21, 2025, and Petitioner filed a Reply (Doc. 18) on August 11, 2025.

## LEGAL STANDARD

A petitioner may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). However, petitioners are required to exhaust administrative remedies before seeking relief in federal district courts, including before filing a § 2241 petition. *See Ihmoud v. Jett*, 272 F. App 525, 526 (7th Cir. 2008) (citing *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004)). To exhaust administrative remedies, petitioners must "file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d, 1022, 1025 (7th Cir. 2002). The BOP administrative remedy process consists of four tiers that require completion prior to a petitioner bringing their Petition in federal court. See generally 28 C.F.R. §§ 542.13–15.

## DISCUSSION

Requests for changes in the level of custody are typically brought as habeas corpus actions, while requests for change in the conditions of confinement are

typically brought as civil rights actions. *Graham v. Broglin*, 922 F. 2d 379, 381 (7th Cir. 1995); *McKune v. Lile*, 536 U.S 24, 39 (2002). "Put differently, if the prisoner is not seeking release, or release is not available as a remedy to the prisoner's claims, then 'his challenge can only concern the conditions of his confinement . . . not the fact of his confinement. As such, he may not proceed with a habeas petition.'" *Stokes v. Cross*, 13-CV-00998-CJP 2014 WL 503934, at *2 (S.D.Ill. Feb. 7, 2014) (citing *Glaus v. Anderson,* 408 F.3d 382, 388 (7th Cir. 2005)).

A § 2241 petition is proper only when the prisoner seeks to "get out" of custody in a meaningful sense. *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999). Here, Thompson does not request release. (Doc. 1). Rather, Thompson requests that his severity score and custody classification be altered, allowing him to enroll in certain programs and classes and allowing him to transfer to a different prison. (*Id.*, p. 12). This is a challenge to the location of his confinement, not the fact or duration of his confinement. Thompson contends that he is entitled to more favorable housing and enrollment in more classes and programs, not that he is entitled to be released. Therefore, the Court finds that Thompson's claims cannot be pursued in this § 2241 petition.

CONCLUSION

For the reasons set forth herein, Lionel Thompson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED** and this action is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court docket.

**IT IS SO ORDERED.**

**DATED: July 15, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**